UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKHAEL AMIRUL EL,

    Plaintiff,

v.

MARTIAN and FAST TIME TOWING, LLC,

    Defendants.

Case No. 25-11677
Honorable Laurie J. Michelson

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* [2] AND SUMMARILY DISMISSING COMPLAINT [1]**

On June 5, 2025, Mikhael Amirul El filed this *pro se* lawsuit against Defendants, Fast Time Towing, LLC, and "Martian" (ECF No. 1), along with an application to proceed without prepaying fees and costs (ECF No. 2). For the reasons below, the Court GRANTS Amirul's application to proceed *in forma pauperis* but DISMISSES his complaint.

I.

The Court first considers Amirul's application to proceed *in forma pauperis*. (ECF No. 2.) Under 28 U.S.C. § 1915(a)(1), the Court may authorize commencement of an action without prepayment of fees and costs if the plaintiff demonstrates that he cannot pay such fees. In his IFP application, Amirul represents that he has no income and no funds in savings. (ECF No. 2.) So the Court finds that Amirul is entitled to proceed *in forma pauperis* and grants his application. *See* 28 U.S.C. § 1915(a)(1).

## II.

But when a Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Although a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal of the case is appropriate where "the claim is based on an indisputably meritless legal theory." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998). Moreover, a complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Factual frivolousness includes allegations that are "clearly baseless," "fantastic," or "delusional." *Id.* at 327–28.

A review of Amirul's complaint establishes that it must be dismissed as clearly baseless. Amirul's complaint is largely unintelligible. But, as far as the Court can discern, Amirul argues that defendant, "pseudo-policy enforcer Martian," "unlawfully violated . . . [his] right to travel" by "speeding behind his vessel," "forcibly remov[ing] him" from the vessel, and "restain[ing] him with hands bound behind his back" in violation of his First, Fourth, and Ninth Amendment Constitutional rights. (ECF No. 1, PageID.16–17.) Amirul then says that defendant Fast Time Towing "unlawfully took possession of [his] private vessel" and "demanded ransom" for its return,

2

"engaging in extortion and ransom actives forbidden under federal law, specifically 25 CFR § 11.417 and 18 U.S.C. § 1202." (*Id.* at PageID.17.)

First, as shown by his reference to himself as a Moor and his invocation of the Moorish National Zodiac Constitution, the Court believes Amirul is suggesting he is a "sovereign citizen." *See, e.g.*, *Powell v. Michigan*, No. 22-10816, 2023 WL 2154954, at *1 (E.D. Mich. Jan. 24, 2023), *report and recommendation adopted*, No. 22-10816, 2023 WL 2145490 (E.D. Mich. Feb. 21, 2023). Generally, sovereign citizens "believe that they are exempt from the jurisdiction of any legitimate court—state or federal—and often file legal documents to 'free themselves from the yoke of federal citizenship.'" *Id.* (citing *United States v. Cook*, No. 18-00019, 2019 WL 2721305, at *1 (E.D. Tenn. June 28, 2019)). Courts routinely dismiss complaints by sovereign citizens "without extended argument as patently frivolous." *See Adkins v. Kentucky*, No. 18-MC-26, 2018 WL 6528462, at *1 (W.D. Ky. Dec. 12, 2018) (internal quotation omitted).

Here is unclear from Amirul's complaint if he is advancing any arguments based on his self-proclaimed status as a Moor—he merely says that the defendants did not have "proper authority" for their actions. (ECF No. 1, PageID.16.) But, to the extent that he is suggesting "Martian"—presumably a law enforcement official—did not have the authority to pull him over or detain him because Amirul is a "Moorish American National," that argument is frivolous. *See, e.g.*, *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases and noting that defendant's "legal

3

arguments directly correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans").

As for Amirul's bare statement that "Martian" violated his First, Fourth, and Ninth Amendment rights under the U.S. Constitution, Amirul does not provide nearly enough factual detail to state a claim. Indeed, while the Court can surmise that Amirul was pulled over, his complaint provides no information or details about how or why he was detained, what any law enforcement officer told him, or what justification was given for the stop. So the Court must dismiss his claims against "Martian."

Amirul's claims against Fast Time Towing fare no better. He claims that Fast Time Towing violated 25 CFR § 11.417 and 18 U.S.C. § 1202—but neither of those legal sources are applicable here. The first provision is a federal regulation of the Bureau of Indian Affairs that makes it a misdemeanor to "willfully, by making false charges against another person or by any other means whatsoever, extort or attempt to extort any moneys, goods, property, or anything else of any value." 25 CFR § 11.417. This regulation, however, applies to Courts of Indian Offenses established by the Bureau of Indian Affairs, not this Court. *See, e.g.*, *Barnett v. Servis One, Inc.*, No. 24-7845, 2024 U.S. Dist. LEXIS 181270, at *1 n.1 (D.N.J. Oct. 2, 2024). And the second provision is a criminal law prohibiting receiving, possessing, or disposing of ransom money—"[t]here is no civil or private cause of action under 18 U.S.C. § 1202." *See Strong v. Watson*, 22-00552, 2023 U.S. Dist. LEXIS 205905, at *16, n.6 (W.D.N.Y. Sept. 26, 2023); *see also Horner v. Michigan*, No. 25-11062, 2025 U.S. Dist. LEXIS

78274, at *2 (E.D. Mich. Apr. 24, 2025) (recognizing that "criminal statutes do not generally confer a private cause of action in a civil case"). So the Court must dismiss Amirul's claims against Fast Time Towing.

## III.

Accordingly, Amirul's application to proceed *in forma pauperis* (ECF No. 2) is GRANTED and his complaint (ECF No. 1) is DISMISSED.  A separate judgment will follow.

SO ORDERED.

Dated: June 26, 2025

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE